IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ANTWAIN JAMAR TUTSON, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:15-CV-326-D |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANTWAIN JAMAR TUTSON. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On March 22, 2013, Amarillo Police Department officers executed a search warrant at a residence rented by petitioner and two others. [ECF 10-6 at 45-56]. During the search of the residence, officers found a baggy containing suspected powder cocaine and a baggy containing suspected methamphetamine in a pocket of a man's shirt in the closet of the bedroom where petitioner was located and taken into custody. A box of .22 caliber ammunition was found in the same closet, and a loaded .22 caliber pistol was found in a plastic bag under a washing machine in

a laundry room.  Also found in the residence was a set of digital scales and multiple baggies, the kind typically used for repackaging and distribution of controlled substances.

On June 11, 2013, petitioner was charged by Information in Potter County, Texas, with the 3rd degree felony offense of unlawful possession of a firearm.[1]  *State v. Tutson*, No. 66,889-E.[2]  The Information alleged petitioner, on or about March 22, 2013:

> did then and there having been convicted of the felony offense of Possession of a Controlled Substance on February 27, 2006 . . . intentionally or knowingly possess a firearm before the fifth anniversary of the defendant's release from confinement following conviction of that felony.

[ECF 10-6 at 71].  The Information also alleged a prior final conviction for purposes of enhancing punishment.  [*Id.*]  On June 12, 2013, pursuant to a plea bargain, petitioner entered a plea of guilty to the charged offense, and a plea of true to the enhancement paragraph.  [ECF 10-6 at 72].  On that same date, the state trial court found petitioner guilty of the offense of unlawful possession of a firearm as alleged in the Information, found the enhancement paragraph true, and assessed petitioner's punishment at 13 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division as recommended by the prosecution.  Judgment was signed that same date.  Petitioner did not file a direct appeal of his conviction and sentence.

Nineteen months later, on March 20, 2015, petitioner purportedly placed a state application for habeas corpus relief in the state prison mailing system,[3] such application being received and file-stamped by the Potter County District Clerk on April 1, 2015.  [ECF 10-6 at 22-24].  By this state habeas application, petitioner alleged he was denied effective assistance of trial counsel because counsel failed to investigate the search warrant affidavit, interview a potential witness,

---

[1] Petitioner was initially charged with the offense by Complaint on March 29, 2013.  [ECF 10-6 at 59].

[2] Petitioner was also charged with possession of a controlled substance for the methamphetamine.  *State v. Tutson*, No. 66,888-E.  The State did not charge petitioner with possession of a controlled substance for the cocaine because the other two charges were being filed.  [ECF 10-6 at 54].

[3] The transmittal envelope was post-marked March 27, 2015.  [ECF 10-6 at 25].

and acquaint himself with the laws of possession, and was denied due process because the State withheld exculpatory evidence, *viz.*, a supplemental case summary report reflecting latent fingerprints were not located on the firearm or on the box of ammunition found in petitioner's residence. [ECF 10-6 at 11-18]. On June 3, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Tutson*, No. 83,264-01. [ECF 10-1].

On October 29, 2015, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system. [ECF 3 at 10]. Petitioner's application was received by this Court on November 9, 2015, at which time it was file-stamped and a federal habeas corpus proceeding opened. [ECF 3 at 1]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

> The State knowingly withheld exculpatory evidence, to wit: an April 8, 2013 latent fingerprint report showing no prints were located on the .22 caliber pistol found under the washing machine in petitioner's residence or on the box of ammunition found in petitioner's closet, resulting in petitioner being denied due process under the Fourteenth Amendment and petitioner's guilty plea being involuntary.

Although acknowledging his conviction "became final over one year ago" by answering Question 26 on page 9 of the form habeas corpus petition, petitioner asserts:

> Tutson is presenting this claim based on newly discovered evidence that was made available . . . by way of a public information request made in November of 2014. Tutson is presenting evidence within one year of discovery as required by 28 U.S.C. § 2244(d)(1)(D).

[ECF 3 at 9]. The Court construes petitioner's statement as an assertion that he did not discover the factual predicate of his claims until a date subsequent to his conviction becoming final and, therefore, the statute of limitations should not begin until the date he discovered his claims.

### III.
### RESPONDENT'S ANSWER

On February 5, 2016, respondent filed an Answer asserting petitioner's habeas application should be dismissed as time barred. In her response, respondent fully and accurately briefed statutory and case law regarding the 1-year statute of limitations in federal habeas corpus cases. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application, specifically addressing petitioner's claims of a later discovery date as the beginning of the statute of limitations. [ECF 8]. Petitioner did not file a reply to respondent's Answer.

### IV.
### FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on June 12, 2013. Petitioner did not file a direct appeal of his conviction or sentence with the appropriate state intermediate appellate court.

2. Petitioner's judgment of conviction became final on **July 12, 2013**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final (*see* discussion below).

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **July 12, 2014**, unless statutorily or equitably tolled.

8. Petitioner's state habeas application challenging his conviction and sentence was filed <u>after</u> the limitation period had expired on July 12, 2014. The 1-year statute of limitations was not statutorily tolled. *Medley v. Thaler*, 660 F.3d 833, 834-35 (5th Cir. 2011).

9. Petitioner has not argued, much less demonstrated, that he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed October 29, 2015 when it was purportedly placed in the prison mailing system, was filed after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not asserted an actual innocence exception to the time bar, much less demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

V.
### DISCOVERY OF FACTUAL PREDICATE

Petitioner argues the 1-year statute of limitations in this case did not begin when his conviction became final on July 12, 2013. Instead, he argues the limitation period only began when he discovered the factual predicate of his claims presented herein. Specifically, petitioner alleges he was not aware of the April 8, 2013 latent fingerprint report stating prints were not found on the box of .22 caliber shells or the .22 caliber pistol found in petitioner's residence until December 2, 2014 when he received a copy of the report in response to a November 2014 public information request. [ECF 10-6 at 55-56, 62]. Petitioner contends the State withheld the results

of this latent print report and/or defense counsel failed to advise petitioner of the report prior to his guilty plea. Petitioner appears to contend that if he had known his prints were not found on the box of shells or the pistol, he would not have pleaded guilty to the unlawful possession of a firearm charge. Petitioner contends the limitation period with regard to his claims of an involuntary plea or a due process violation due to the State withholding evidence did not begin until he learned of this "newly discovered evidence."

> In the state habeas proceeding, trial counsel submitted an affidavit stating:
>
> I thoroughly reviewed and copied the discoverable portion of the District Attorney's file, including the search warrant affidavit and all witness statements prior to ANTWAIN JAMAR TUTSON entering his plea of guilty. I also viewed and copied the incident report, including the 04/08/2013 supplement by Ofc. Jensen regarding the fingerprints on the box of the sandwich bags. I have been practicing law since 1980 and am fully acquainted with the laws of possession and how they applied in these cases. I fully advised ANTWAIN JAMAR TUTSON of the charges against him and the evidence contained in the State's file. I conferred with ANTWAIN JAMAR TUTSON prior to pleading guilty and thoroughly discussed the case and the evidence contained in the State's file with him.

[ECF 10-13 at 40-41]. Counsel thus averred the State provided the latent print report to the defense, that counsel was thus aware of the report stating no prints were located on either the box of shells or the pistol found at petitioner's residence prior to petitioner's guilty plea, and that he had "fully advised" petitioner of the evidence contained in the State's file prior to petitioner entering a guilty plea in this case. Crucially, petitioner offered nothing during the state habeas proceedings to support his allegations on this issue, other than his own bald assertions which are unsupported and unsupportable by anything else contained in the record. By denying relief, the state habeas court implicitly credited trial counsel's statements. This Court must presume the state court's implicit credibility choice is correct. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001). Moreover, as in the underlying state habeas proceedings, petitioner has not presented any independent or record evidence here to support his bald assertions that he was unaware of the

evidence against him prior to entering into the guilty plea agreement not only in this case, but also in the companion possession of a controlled substance (methamphetamine) case. Petitioner has not demonstrated the validity of his alleged December 2014 "discovery" of the fingerprint evidence, nor has he shown the state court's implicit finding that the State did not withhold the fingerprint evidence and that counsel fully advised petitioner of the State's evidence was unreasonable. Petitioner has not demonstrated he is entitled to a delayed or later beginning date of the limitation period under section 2244(d)(1)(D) with regard to his claims.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer filed February 5, 2016 [ECF 8], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner ANTWAIN JAMAR TUTSON is time barred and should be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 12, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).